IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 19 2019

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

| | | |
|---|---|---|
| SINGLE BOX, L.P., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-530-A |
| | § | |
| BRETT DEL VALLE, ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion by defendants, Brett
Del Valle, PRP Menifee, LLC, and Peninsula Retail Partners V,
LLC, to dismiss on the basis of <u>forum non conveniens</u>. The court,
having considered the motion, the response, the reply, the
record, and applicable authorities, finds that the motion should
be denied.

I.

<u>Background</u>

On February 13, 2019, plaintiffs, Single Box, L.P. and SB AB
West Loop, L.P. f/k/a SB Finco AB, L.P., initiated this breach of
contract action in Tarrant County, Texas. Doc. 5 at 1.[1] The
contract relates to a construction project in Riverside County,
California, but plaintiffs filed suit in Tarrant County pursuant
to forum selection clauses in the contracts. Doc. 17 at 1; Doc.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

18 at 15, 20, 36. On February 25, 2019, plaintiffs initiated non-judicial foreclosure against defendants in California. Doc. 17 at 1. In the following months, third parties filed suit against plaintiffs and defendants in the Superior Court of Riverside County, California for damages arising out of the same construction project. Doc. 18 at 109, 122, 130, 139, 148. Defendants subsequently removed this action to this court and moved to dismiss on the basis of forum non conveniens. Doc. 1; Doc. 16.

II.

### Grounds of the Motion

Defendants allege that dismissal is appropriate under the doctrine of forum non conveniens because the Superior Court of Riverside County, California is a more convenient forum than the United States District Court for the Northern District of Texas. Doc. 17, p. 6. Defendants argue that the forum selection clauses do not control because (I) plaintiffs waived the forum selection clauses by initiating foreclosure in California and (ii) even if plaintiffs did not waive, the court should still find that private and public factors outweigh the forum selection clauses. Doc. 17 at 18-21.

## Legal Standards

A plaintiff's choice of forum should rarely be disturbed. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (citations omitted). However, a district court has the discretion to dismiss under the doctrine of forum non conveniens when (I) the claims may be heard in an available and adequate alternative forum and (ii) the balance of the Gulf Oil public- and private-interest factors favors dismissal. Id. at 241, 254 n.22. The Gulf Oil public-interest factors include:

(1) Administrative difficulties arising from congested courts;

(2) Imposition of jury duty on people of a community unrelated to the litigation;

(3) Local interest in having localized controversies decided at home; and

(4) Interest in having the trial of a diversity case in a forum that is "at home" with the law that governs the case.

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947).

Gulf Oil also lists private-interest factors, but when a valid forum selection clause exists, a court must deem such factors to weigh in favor of the clause's choice of forum. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 64 (2013). Such a clause represents

the parties' bargain, informed by their private interests. By agreeing to a forum-selection clause, parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. The party acting in violation of the forum-selection clause bears the burden to show that the public-interest factors overwhelmingly favor a forum other than the one agreed to by the parties. Id. at 67. Such a showing is rare, and valid forum selection clauses are "given controlling weight in all but the most exceptional cases." Id. at 63 (quotations and citations omitted); Weber v. PACT XPP Technologies, AG, 811 F.3d 758, 776 (5th Cir. 2016).

IV.

Analysis

Plaintiffs do not contest defendants' assertion that California is an adequate and available alternative forum. See Doc. 22. The issue is whether the Gulf Oil factors favor dismissal. They do not. The private-interest factors weigh in favor of Texas because the forum selection clauses designate Texas as the appropriate forum. See Atlantic Marine, 571 U.S. at 64.[2]

---

[2] Defendants attempt to distinguish Atlantic Marine because it involved a defendant invoking a forum selection clause instead of a plaintiff. However, the clause still represents the parties' private

(continued...)

Defendants argue that the court should consider the private-interest factors because plaintiffs waived the forum selection clauses by initiating non-judicial foreclosure proceedings in California. Doc. 17 at 18. This argument fails. A strong presumption exists against waiver of forum selection clauses. Wellogix, Inc. v. SAP America, Inc., 648 Fed. App'x 398, 402 n.4 (5th Cir. 2016). There is a lack of authority regarding whether federal or state law principles control the waiver analysis. Id. at 401. One regime states that waiver occurs if a party "intentionally or voluntarily relinquished its rights under the clause." Id. Under the second regime, waiver occurs when a party "substantially invokes the judicial process" in derogation of the forum selection clause and "thereby causes detriment or prejudice to the other party." Id. at 402 (internal quotations and citation omitted).

Plaintiffs did not waive under either test. The non-judicial foreclosure did not manifest an intent to deviate, nor an invocation of a process in derogation of the clauses, because the clauses do not apply to it. Defendant argues that non-judicial foreclosure constitutes a "proceeding" governed by the forum

---

[2](...continued)
bargain, regardless of who invokes it. If anything, the distinction works in plaintiff's favor. In Atlantic Marine, the forum selection clause and presumption in favor of the plaintiff's choice of forum conflicted, but here, they point to the same forum.

selection clauses, which state that any "lawsuit, action <u>or</u> <u>proceeding</u>" arising out of the contracts must be brought before a court in Tarrant County, Texas. Doc. 17 at 18 (citing Doc. 18 at 15, 20, 35-36) (emphasis in original). However, such an interpretation would require foreclosure to occur before a "state or federal court," rendering inoperative the language granting plaintiffs the right to non-judicial foreclosure. <u>See</u> Doc. 18 at 32. "[A]n interpretation that gives a reasonable and effective meaning to all terms of a contract is preferable to one that leaves a portion of the writing useless or inexplicable." <u>Foster Wheeler Energy Corp. v. An Ning Jiang MV</u>, 383 F.3d 349, 358 (5th Cir. 2004).

Further, the second regime is claim-specific. <u>Wellogix</u>, 648 Fed. App'x at 402 (citing <u>Subway Equipment Leasing Corp. v. Forte</u>, 169 F.3d 324, 328 (5th Cir. 1999)). The above-captioned action involves breach of contract claims, not foreclosure; therefore, plaintiffs never invoked a process in derogation of the forum selection clauses as to the present claims. Doc. 5 at 2. Because plaintiffs did not waive the forum selection clauses, the private-interest factors must weigh in favor of the clauses' choice of forum.

Defendants did not carry their burden to show that the public-interest factors overwhelmingly favor a forum other than

Texas. See Atlantic Marine, 571 U.S. at 63, 67; Weber, 811 F.3d at 776. Defendants list three public-interest factors: (I) the imposition of jury duty on a community unrelated to the litigation; (ii) local interest in deciding local controversies at home; and (iii) interest in trying a diversity case in a forum "at home" with the governing law. Doc. 17 at 11-12. Such factors are not exceptional circumstances that justify disregarding the parties' agreement because they are commonplace in cases where a party attempts to resist enforcement of a forum selection clause. See Weber, 811 F.3d at 776.

V.

Order

The court ORDERS that such motion to dismiss be, and is hereby, denied.

SIGNED September 19, 2019.

JOHN McBRYDE
United States District Judge