**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SINGLE BOX, L.P. and SB AB WEST LOOP, L.P. f/k/a SB FINCO AB, L.P.** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:19-CV-00530-A** |
| | § | |
| **BRETT DEL VALLE,** | § | |
| **PRP MENIFEE, LLC, and** | § | |
| **PENINSULA RETAIL PARTNERS V,** | § | |
| **LLC** | § | |
| | § | |
| **Defendants.** | § | |

---

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Respectfully Submitted,

Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
Lauren K. Drawhorn
State Bar No. 24074528
lauren.drawhorn@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone:     (817) 332-7788
Facsimile:     (817) 332-7789

**ATTORNEYS FOR PLAINTIFFS,
SINGLE BOX, L.P. AND SB AB WEST LOOP L.P.
F/K/A SB FINCO AB, L.P.**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ...................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... iii

I. SUMMARY ...................................................................................................................... 1

II. STATEMENT OF UNDISPUTED FACTS ................................................................... 1

      A.    Defendants' real estate development project in Menifee, California. ................................................................................................... 1

      B.    Defendants' Contracts with Plaintiffs. ................................................... 3

      C.    Plaintiffs initiate funding and Defendants PRP V and PRP Menifee begin work under the Contracts and subsequently breach the Contracts. ............................................................................................... 7

      D.    Defendants PRP V and Del Valle breach the Guaranty Agreements. ............................................................................................. 9

III. ARGUMENTS AND AUTHORITIES ........................................................................ 10

      B.    Defendants breached the Contracts and Guaranty Agreements as a matter of law. ....................................................................................... 10

      C.    Plaintiffs are entitled to their attorney's fees. ...................................... 13

      D.    Defendants alleged defenses fail as a matter of law. ........................... 13

IV. CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................. 10, 12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ......................................................................................... 10

*Prudential Ins. Co. of Am. v. Fin. Review Servs. Inc.*,
  29 S.W.3d 74 (Tex. 2000) ................................................................................. 15

## Statutes

Tex. Civ. Prac. & Rem. Code § 38.001(8) .................................................................. 13

## Rules

Rule 56, Federal Rule of Civil Procedure ................................................................... 10

Plaintiffs Single Box L.P. ("SB") and SB AB West Loop, L.P. f/k/a SB Finco AB, L.P. ("West Loop" and together with SB, "Plaintiffs") file this Motion for Summary Judgment and Brief in Support and respectfully state as follows:

## I.  SUMMARY

This is a simple and straightforward breach of contract case. Plaintiffs entered into various contracts with Defendants in connection with their agreement to fund Defendants' real estate development project in Menifee, California. The contracts imposed various obligations on Defendants, including that they complete certain aspects of the project by a certain date – the outside delivery date specified in the lease with the anchor tenant for the project – and make required payments under the loan agreement. Defendants did not complete the project by the outside delivery date and, as a result, Plaintiffs declared an event of default. In addition, to this day, Defendants have not paid the amounts outstanding under the loan documents and guaranty agreements. Plaintiffs can establish their claims for breach of contract against Defendants as a matter of law and therefore, bring this Motion for Summary Judgment.

## II.  STATEMENT OF UNDISPUTED FACTS

**A.  Defendants' real estate development project in Menifee, California.**

1.      Defendant Brett Del Valle is a commercial real estate developer.[1] In connection with his real estate development projects, Mr. Del Valle uses corporate entities to acquire commercial land and develop it.[2] In 2016, Smart & Final Stores, LLC ("Smart & Final"), a grocery store chain, directed Mr. Del Valle to a commercial site located at Newport Road at Haun Road in Menifee, California, and expressed an interest in Del Valle developing a shopping center on the

---

[1]   APP. 288.

[2]   APP. 289-90.

site, for which Smart & Final would be the anchor tenant (the " Menifee Project").[3] Del Valle owned two entities involved in the Menifee Project – PRP Menifee, LLC ("PRP Menifee") and Peninsula Retail Partners V, LLC ("PRP V").[4] PRP V is the sole member of PRP Menifee and PRP Menifee was formed to acquire the land for the Menifee Project and develop the Menifee Project.[5] PRP Menifee negotiated a purchase and sale agreement for the Menifee property and, once under contract, submitted an application to the City of Menifee for the proposed use.[6] The initial purchase and sale agreement for the Menifee property was dated April 23, 2016 and the final and fifth amendment for the Menifee property was dated November 17, 2017.[7] These delays were the result of various issues that came up between Defendants and the City of Menifee.[8]

2.      In or around October 2017, Del Valle was still working on getting financing for the Menifee Project; however, Smart & Final, the anchor tenant for the Menifee Project, wanted their building completed for an opening in April 2018.[9] Del Valle, through his negotiations with Smart & Final and the contractor on the project, initially anticipated that Smart & Final's building would be completed and ready for opening five months or less from the date of financing, as financing had not yet been secured.[10] In fact, under the original lease agreement with Smart & Final, the original scheduled delivery date was October 18, 2017 and the outside delivery date was November 23, 2017[11] – prior to finalizing any of the loan agreements with Plaintiffs. These dates

---

[3]    APP. 293, 294-95.

[4]    APP. 291-92.

[5]    APP. 296-98.

[6]    APP. 294-95.

[7]    APP. 295.

[8]    *Id.*

[9]    APP. 300.

[10]    *Id.*

[11]    APP. 261, 344-45.

were modified multiple times by way of amendment, initially to June 1, 2018 with an outside delivery date of August 30, 2018.[12] The parties executed a second amendment extending the outside delivery date to October 1, 2018 and, then under a third amendment to the Smart & Final lease, changed the outside delivery date to December 3, 2018 (the "Outside Delivery Date").[13]

## B.    Defendants' Contracts with Plaintiffs.

3.    Eventually, Defendants obtained their financing through the Plaintiffs. PRP V entered into a Master Loan Agreement dated January 31, 2018 with Single Box, L.P. ("SB") meant to provide access to funds for future developments (the "Master Loan Agreement").[14] The Master Loan Agreement is an umbrella agreement providing a structure for how SB would provide financing for various construction projects developed by Del Valle.[15] Under the Master Loan Agreement, PRP V had the following obligations, among others:

- Only use the proceeds of each note for the purposes of paying approved Construction Costs for a Project;[16]

- Deliver compliance certificates to Lender within 45 days after the end of each fiscal quarter, certifying that all Borrowers under the Loan Agreement are following the covenants set forth in the Loan Agreements;[17]

- Pay in full, any interest on or portion of the indebtedness when it is due and payable, whether on the due date, stipulated in the loan documents, on acceleration or otherwise;[18]

- Comply with all obligations under the contract;[19] and

---

[12]    APP. 261-62, 344-45.

[13]    *Id.*

[14]    APP. 010-56, 306.

[15]    APP. 010-56.

[16]    APP. 024.

[17]    APP. 037.

[18]    APP. 039.

[19]    *Id.*

- Comply with all obligations under the loan documents.[20]

4.      Del Valle, individually, and PRP V both executed Master Guaranty Agreements with SB, dated January 31, 2018, under which they guaranteed the obligations under the Master Loan Agreement (the "Master Guaranties").[21] Specifically, Del Valle and PRP V "unconditionally and irrevocably guarantee[d] to Master Lender, as a guaranty of payment and not merely as a guaranty of collection, prompt payment when due...of the Guaranteed Indebtedness."[22]

5.      Under the Master Loan Agreement structure, specific to the Menifee Project, PRP Menifee executed a Construction Loan Agreement ("Menifee Construction Loan") with Single Box Cali, L.P., predecessor to SB AB West Loop, L.P. ("West Loop") and a Construction Loan Deed of Trust, Security Agreement, Financing Statement, and Assignment of Rents ("Deed of Trust,"), both dated January 31, 2018.[23] The minimum amount of the Menifee Construction Loan was $8,575,000.[24] This funding was for Phase 1, which covered the Smart & Final building, some of the access and utility items required to provide access to the Smart & Final, and site work for a restaurant building.[25] The funds advanced under the Menifee Construction Loan were only to be used for construction costs set forth in the budget.[26]

6.      In connection with the Master Loan Agreement and Master Guaranties, PRP Menifee executed a Promissory Note in favor of SB in the amount of $9,941,776.50 dated January 31, 2018 (the "Promissory Note," together with the Master Loan Agreement, Deed of

---

[20]   *Id.*

[21]   APP. 058-85, 309-10, 313-14.

[22]   APP. 060, 074.

[23]   APP. 087-154, 156-228, 320-21, 330-31.

[24]   APP. 092, 322.

[25]   APP. 301-04.

[26]   APP. 106, 322-23.

Trust, and Menifee Construction Loan, the "<u>Contracts</u>").[27] The maturity date of the Promissory Note was January 31, 2019.[28] Under the terms of the Promissory Note, PRP Menifee was required to pay all accrued but unpaid interest on the outstanding principal balance in monthly installments.[29]

7.    Under the Deed of Trust and Menifee Construction Loan, PRP Menifee was obligated to, among other things:

- Pay the indebtedness as and when specified in the Loan Documents and perform and discharge all the Obligations in full, on or before the dates to be performed;[30]

- Keep the Menifee property in first-class order and condition;[31]

- Obtain or apply for all consents or approvals for the construction of the Improvements and use of the Land and Improvements necessary to comply with all Legal requirements and continue to comply with all governmental laws and legal requirements;[32]

- Start work by the commencement date, perform everything in a good and workmanlike manner, complete the project with diligence and continuity, and complete the project in all material respect before the completion date;[33] and

- Hold advances from the Lender in trust for the purpose of paying the cost of construction of the Improvements and costs related to the Mortgaged Property, all as set forth in the budget.[34]

8.    Further, the Menifee Construction Loan and Deed of Trust provide the following, among other things, constitute an Event of Default:

---

[27] APP. 230-41, 315-16.

[28] APP. 231, 317-18.

[29] APP. 232, 319.

[30] APP. 179.

[31] APP. 180.

[32] APP. 121-22.

[33] APP. 125.

[34] *Id.*

- The borrower or guarantor files a petition, complaint, or other instrument that seeks to affect a suspension of or has the effect of suspending any of the rights or power of West Loop granted in any of the loan documents;[35]

- The failure or refusal to pay, in full, any installment or portion of the Indebtedness when it is due and payable, and such failure continues for a period of five days following written notice;[36]

- The occurrence of an Event of Default under the Deed of Trust;[37]

- Discontinuation of construction for a period of ten or more consecutive days unless due to force majeure;[38]

- Construction of any portion of the improvements is not completed by any day or dates required under the Project Lease including the Outside Delivery Date (as defined in the Project Lease);[39] or

- Any advance, or any part thereof, is diverted to a purpose other than the purpose for which the Advance was made.[40]

9.     On the occurrence of any Potential Default under the Menifee Construction Loan, West Loop is entitled to, among other things, withhold financial accommodations at its sole discretion.[41] In addition, upon the occurrence of an Event of Default, West Loop is entitled to, among other things, enter into possession of the Menifee property and perform all work and labor necessary to complete the Menifee Project.[42] In connection with this provision, PRP Menifee constituted and appointed West Loop as its true and lawful attorney-in-fact, with full power of substitution to complete the Menifee Project.[43]

---

[35]   APP. 192.

[36]   APP. 191.

[37]   APP. 130.

[38]   *Id.*

[39]   *Id.*

[40]   APP. 131.

[41]   *Id.*

[42]   APP. 132.

[43]   APP. 132, 328-29.

10.     Del Valle individually executed a Guaranty Agreement in favor of West Loop, unconditionally and irrevocably guarantying prompt payment when due of the indebtedness under the Menifee Construction Loan (the "Menifee Guaranty," together with the Master Guaranties, the "Guaranty Agreements").[44]

## C.     Plaintiffs initiate funding and Defendants PRP V and PRP Menifee begin work under the Contracts and subsequently breach the Contracts.

11.     Plaintiffs advanced money to Defendants under the Contracts.[45] The funds Plaintiffs advanced under the Contracts were for Phase I of the Menifee Project, which included the Smart & Final building, the portion of access and utility items necessary to access the Smart & Final building, and site work for a restaurant building.[46] The contractor for the Menifee Project was Kirkley Corporation ("Kirkley").[47] The budget attached as an exhibit to the Menifee Construction Loan specified which Phase I line items were approved uses of the loan funds.[48]

12.     Kirkley worked on Phase I and a second "Phase II" of the Menifee Project concurrently, and sought payment in its pay applications to Defendants for work on both Phases.[49] In order to induce Plaintiffs to fund these pay applications, Del Valle instructed Kirkley to move line items and costs around to align with the Phase I budgeted numbers – even though the Menifee Construction Loan was only to be used for budgeted Phase I costs and certain costs in those pay applications were actually for Phase II work.[50] Del Valle did not inform West Loop or SB that he

---

[44]   APP. 243-246, 332-33.

[45]   APP. 306.

[46]   APP. 303.

[47]   APP. 334-35.

[48]   APP. 004-05, 149.

[49]   APP. 338-39.

[50]   *Id.*

was instructing Kirkley to modify the budgets so that Phase II work would be completed using Phase I funds, or vice-versa.[51]

13.     Regardless, PRP Menifee did not pay Kirkley, the general contractor on the Menifee Project, for progress through October 31, 2018 or through November 30, 2018 in the amount of $1,195,691.20.[52] In addition, PRP Menifee did not provide any compliance certificates to SB as required under the Contracts.[53]

14.     As discussed above, after multiple amendments, the Outside Delivery Date under the Smart & Final lease was December 3, 2018.[54] However, as of December 14, 2018, PRP Menifee had not completed construction of the improvements on the Menifee Project.[55] As a result, on December 14, 2018, West Loop sent PRP Menifee and Del Valle written notice of an Event of Default under the Menifee Construction Loan.[56] The basis for the Event of Default was PRP Menifee's failure to complete construction of improvements by the Outside Delivery Date.[57] Similarly, on January 28, 2019, Smart & Final terminated their lease based on PRP Menifee's and Mr. Del Valle's failure to deliver the premises by the Outside Delivery Date of December 3, 2018. Neither PRP Menifee nor Del Valle responded in writing to West Loop's notice of default or otherwise contested the default prior to this litigation.[58]

---

[51]  APP. 337.

[52]  APP. 354, 356, 365.

[53]  APP. 006, 307.

[54]  APP. 261, 344-45.

[55]  APP. 343.

[56]  APP. 258-59, 340-41.

[57]  APP. 258-59, 341.

[58]  APP. 347-49.

15.    On December 21, 2018, as a result of PRP Menifee's nonpayment for work completed in October 2018, Kirkley posted its Notice of Intent to Stop Work on the Menifee Project.[59] On January 7, 2019, Kirkley circulated a 10 Day Stop Work Order for the Menifee Project as a result of PRP Menifee's nonpayment.[60] Accordingly, all work on the Menifee Project stopped in early January 2019 and was never revived.[61] As a result of PRP Menifee's failure to pay Kirkley, work on the Menifee Project has stopped for more than ten consecutive days. The Menifee Project remains unfinished.[62]

16.    On January 15, 2019, West Loop sent a written demand to PRP Menifee and Del Valle for December accrued interest that was due on January 1, 2019.[63] PRP Menifee and Del Valle did not pay the past-due December accrued interest.[64] On February 4, 2019, West Loop sent a written demand to PRP Menifee and Del Valle noting the loan under the Contracts matured on February 1, 2019 and PRP Menifee had not paid all amounts outstanding under the Contracts.[65] PRP Menifee still has not paid all amounts outstanding under the Contracts.[66]

**D.    Defendants PRP V and Del Valle breach the Guaranty Agreements.**

17.    A default under the Menifee Construction Loan is a default under the Master Loan Agreement and under the Guaranty Agreements.[67] Accordingly, under the Guaranty Agreements, PRP V and Del Valle unconditionally and irrevocably guaranteed payment to SB and West Loop

---

[59]    APP. 356-57, 376-77.

[60]    APP. 357, 379-381.

[61]    APP. 358.

[62]    APP. 311, 336, 358.

[63]    APP. 264-65, 351.

[64]    APP. 351.

[65]    APP. 267-68, 352.

[66]    APP. 311, 320, 326.

[67]    APP. 039, 066, 080.

under the Contracts, whether at stated maturity, by acceleration or maturity, demand or otherwise, and at all times thereafter.[68] PRP Menifee did not repay the outstanding amounts under the Contracts.[69] Despite this fact, PRP V and Del Valle have not repaid the outstanding amounts under the Contracts or the Guaranty Agreements and continue to refuse to do so.[70]

### III.  ARGUMENTS AND AUTHORITIES

**A.**    **Standard of review for summary judgments.**

18.    Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where the movant demonstrates that the pleadings, affidavits and other evidence available to the Court establish that no genuine issue exists as to any material fact and the moving party is entitled to summary judgment as a matter of law.[71] To avoid summary judgment, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts.[72] Rather, Rule 56(e) requires that the non-moving party set forth specific facts showing that there is a genuine issue for trial.[73]

**B.**    **Defendants breached the Contracts and Guaranty Agreements as a matter of law.**

19.    The summary judgment evidence establishes the elements of breach of contract: (1) the existence of a valid contract between Plaintiffs and Defendants; (2) Plaintiffs performed and/or tendered performance; (3) Defendants breached the contract; and (4) Defendants' breach caused Plaintiffs to sustain damages. Because there is no genuine issue of material fact as to each of these

---

[68]    APP. 060, 074.

[69]    APP. 311, 320, 326.

[70]    APP. 006-07.

[71]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[72]    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[73]    *Anderson*, 477 U.S. at 256.

elements, Plaintiffs are entitled to summary judgment against Defendants on their breach of contract claims.

           **a.**      **Plaintiffs and Defendants entered valid and enforceable contracts.**

        20.      PRP V entered into a Master Loan Agreement and Master Guaranty Agreement with SB.[74] Del Valle entered into a Master Guaranty Agreement with SB.[75] PRP Menifee entered a Promissory Note, Menifee Construction Loan, and Deed of Trust with West Loop.[76] Del Valle individually entered into the Menifee Guaranty in favor of West Loop.[77] It is undisputed that these Contracts and Guaranty Agreements are valid and enforceable contracts between Plaintiffs and Defendants.

           **b.**      **Plaintiffs tendered performance of their contractual obligations under the Contracts and Guaranty Agreements.**

        21.      On or about February 1, 2018, West Loop first transferred funds to PRP Menifee under the Contracts for the Menifee Project.[78] West Loop continued to advance funds under the Contracts in accordance with the budget until December 3, 2019, when there was an event of default under the Contracts.[79] Accordingly, Plaintiffs performed or tendered performance under the Contracts and Guaranty Agreements.

           **c.**      **Defendants breached the Contracts and Guaranty Agreements.**

        22.      As discussed above, PRP Menifee breached the Menifee Construction Loan and Deed of Trust. Specifically, PRP Menifee: (i) failed to complete the improvements on the Menifee

---

[74]   APP. 013, 072, 306, 313-14.

[75]   APP. 058, 309-10.

[76]   APP. 091, 156-57, 230, 315-16, 320-21, 330-31.

[77]   APP. 243, 332-33.

[78]   APP. 005.

[79]   APP. 006.

Project by the Outside Delivery Date;[80] (ii) failed to pay Kirkley resulting in work stopping on the project for more than 10 consecutive days, beginning in January 2019,[81] (iii) failed to make the December 2018 interest payment;[82] and, (iv) failed to pay the outstanding balance under the Promissory Note and Menifee Construction Loan upon maturity.[83] These breaches constitute Events of Default under the Promissory Note, Menifee Construction Loan, and Deed of Trust. Accordingly, PRP V is also in default under the Master Loan Agreement.

23.     Despite the express terms of the Guaranty Agreements and PRP Menifee's failure to pay December 2018 interest or all outstanding amounts under the Promissory Note and Menifee Construction Loan upon maturity, PRP V and Del Valle refuse to pay the amounts outstanding under the Contracts. Therefore, PRP V and Del Valle are also in breach of the Guaranty Agreements.

### d.     Defendants' breach caused Plaintiffs injury.

24.     As set forth above, Defendants' breach directly and proximately caused injury to Plaintiffs. Specifically, Defendants' breach of the Contracts resulted in an abandoned construction site and nonpayment of all outstanding amounts due and owing under the Contracts. The total amount due and owing as of October 18, 2019 was $11,541,751.88.[84] This amount is reduced by $3,430,000.00 as a result of the foreclosure sale of the Menifee Property on October 18. 2019.[85]

---

[80]   APP. 258, 261-62, 343, 345, 347-49.

[81]   APP. 006, 311, 354, 358, 365, 376-77, 379-81.

[82]   APP. 264-65, 351.

[83]   APP. 268, 308, 320, 326, 353.

[84]   APP. 007, 277.

[85]   *Id.*

Accordingly, Defendants' breach of the Contracts caused Plaintiffs damages in the amount of at least $8,111,751.88.[86]

**C.      Plaintiffs are entitled to their attorney's fees.**

25.      As a result of Defendants breach of the Contracts and Guaranty Agreements, Plaintiffs were forced to retain counsel.[87] Plaintiffs are entitled to recover their reasonable and necessary attorney's fees under the Texas Civil Practice and Remedies Code as well as under the terms of the Contracts and Guaranty Agreements.[88]

**D.      Defendants alleged defenses fail as a matter of law.**

26.      Defendants claim they are not liable for breach of the Contracts or Guaranty Agreements because of Plaintiffs prior breach and Plaintiffs' tortious interference with the Smart & Final lease.[89] However these defenses fail as a matter of law.

> **a.      Defendants' defense of prior material breach fails as a matter of law.**

27.      The express terms of the Contracts grant West Loop authority to withhold advances in its sole discretion upon the occurrence of any Potential Default and upon the occurrence of an Event of Default, and perform all work and labor necessary to complete the Menifee Project.[90] PRP Menifee appointed West Loop as its true and lawful attorney-in-fact, with full power of substitution to complete the Menifee Project.[91]

28.      As of December 3, 2018, PRP Menifee still had not executed a lease amendment with Smart & Final, extending the Outside Delivery Date beyond December 3, 2018, thus

---

[86] *Id.*

[87] APP. 007.

[88] Tex. Civ. Prac. & Rem. Code § 38.001(8); APP. 045, 068, 082, 137-38, 203-04, 240, 253.

[89] Defs. Ans. [Docket No. 25], II(2).

[90] APP. 130, 132.

[91] APP. 132.

triggering an Event of Default. Such Event of Default was noticed in writing to PRP Menifee on December 14, 2018. West Loop stopped funding after the Event of Default, as authorized under the Contracts.[92]

> **b.    Defendants' defense of tortious interference fails as a matter of law.**

29.    It is also anticipated that Defendants will claim that the failure of the Menifee Project was the fault of the Plaintiffs, not the Defendants. Specifically, Defendants claim that when Plaintiffs began to negotiate with Smart & Final directly, that is when the Menifee Project was doomed to failure. Therefore, according to Defendants' theory, it was Plaintiffs' tortious interference with the Smart & Final lease that caused the failure of the Menifee Project.

30.    The problems with Defendants' theory are numerous, and as a matter of law, cannot be sustained and cannot create a fact issue that precludes summary judgment. First, as discussed above, the Outside Delivery Date under the Smart & Final lease was December 3, 2018.[93] However, PRP Menifee had not completed construction on the Smart & Final as of December 14, 2018, which is the date that Defendants sent Plaintiffs a Notice of Default.[94] Yet, as of December 14, 2018, Plaintiffs had not talked to Smart & Final – a fact which Del Valle has confirmed.[95] In fact, Plaintiffs first instructed Del Valle to inform Smart & Final that the lender was taking over negotiations on December 17, 2018[96] – **after** PRP Menifee's default under the Contracts. Therefore, PRP Menifee was in default under the Contracts as of December 3, 2018 – when it did not complete construction by the Outside Delivery Date – before Plaintiffs ever

---

[92]   APP. 006.

[93]   APP. 261-62, 344-45.

[94]   APP. 342-43, 346.

[95]   APP. 007, 342-43.

[96]   APP. 346.

contacted Smart & Final. Without any contact between Plaintiffs and Smart & Final before the default, there can be no tortious interference as a matter of common sense and as a matter of law.

31.     Further, as stated above, under the Contracts, once an Event of Default has been declared by Plaintiffs, Plaintiffs had the authority and power-of-attorney to take whatever steps necessary to complete the Menifee Project.[97] There is no tortious interference as a matter of law where a party has a legal right to "interfere" with a contract.[98] Plaintiffs had the legal right to take over the Menifee Project once Defendants defaulted under the Contracts, including taking over negotiations with the anchor tenant. Accordingly, any alleged tortious interference defense against Plaintiffs, based on their negotiations in connection with the Smart & Final lease, fails as a matter of law.

32.     Notably, even Smart & Final disagrees with Defendants' theory that Plaintiffs' involvement in the lease negotiations is what made the deal go south.[99] When Defendants attempted to have Smart & Final execute an affidavit in the California litigation to prevent foreclosure, Smart & Final refused and stated that the version of events propounded by Defendants, which is the same version of events that they will submit to this Court in an attempt to raise a fact question, were simply not true:[100]

> There are certain paragraphs that do not seem to reflect what happened. We do not want to get involved in any legal trouble by making statements which may not be entirely true. We never know whether we will get dragged into any future legal fights among various parties involved in this project.[101]

---

[97]   APP. 132.

[98]   *Prudential Ins. Co. of Am. v. Fin. Review Servs. Inc.*, 29 S.W.3d 74, 80 (Tex. 2000).

[99]   APP. 359-60, 383.

[100]   *Id.*

[101]   APP. 383.

33.    Defendants' allegation that they are excused from their breaches of the Contracts because Plaintiff alleged interference with the Smart & Final lease caused such breaches fail as a matter of law. The timeline is clear and undisputed – PRP Menifee's failure to complete construction by December 3, 2018 was a breach of the Contracts. PRP Menifee failed to complete construction by December 3, 2018 **before** West Loop declared an Event of Default under the Contracts and ever contacted Smart & Final to take over the lease negotiations, as authorized under Menifee Construction Loan and Deed of Trust. Accordingly, Defendants cannot establish their tortious interference defense as a matter of law.

## IV.  CONCLUSION

For these reasons, Plaintiffs respectfully request the Court (i) grant their Motion for Summary Judgment; and (ii) grant them such other relief at law or in equity to which they may be entitled.

Respectfully submitted,

Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
Lauren K. Drawhorn
State Bar No. 24074528
lauren.drawhorn@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone:     (817) 332-7788
Facsimile:      (817) 332-7789

**ATTORNEYS FOR PLAINTIFFS,
SINGLE BOX L.P. AND SB AB WEST LOOP L.P.
F/K/A SB FINCO AB, L.P.**

## <u>CERTIFICATE OF SERVICE</u>

  I certify that a true and correct copy of the foregoing instrument was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure by the Court's CM/ECF system on May 21, 2020:

   Thomas M. Hanson
   thanson@mcglinchey.com
   Daniel P. Troiano
   dtroiano@mcglinchey.com
   McGlinchey Stafford, PLLC
   6688 North Central Expressway, Suite 400
   Dallas, Texas 75206
   Facsimile: (214) 445-2450

   *Attorneys for Defendants, Brett Del Valle,*
   *PRP Menifee, LLC, and Peninsula Retail*
   *Partners V, LLC*

           Brant C. Martin