IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



SINGLE BOX, L.P., ET AL.,       §
                                §
           Plaintiffs,          §
                                §
VS.                             §   NO. 4:19-CV-530-A
                                §
BRETT DEL VALLE, ET AL.,        §
                                §
           Defendants.          §

MEMORANDUM OPINION & ORDER

Came on for consideration the motion of plaintiffs, Single

Box, L.P. ("Single Box"), and SB AB West Loop, L.P., f/k/a SB

Finco AB, L.P. ("West Loop"), for summary judgment against

defendants, Brett Del Valle ("Del Valle"), PRP Menifee, LLC

("PRP Menifee"), and Peninsula Retail Partners V, LLC ("PRP V").

Doc.[1] 36.  Having considered the motion and brief in support,

defendants' response, plaintiffs' reply, defendants' response to

such reply, the record, and the applicable legal authorities,

the court finds that plaintiffs' motion should be granted.[2]

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] Defendants object to portions of the declaration of Brandon Johnson, the Authorized Signatory of the Manager of the General Partner of plaintiffs. Doc. 46 ¶¶ 30-36 (objecting to portions of Doc. 38 at App. 4, 7). The court sustains the objections as to the legal arguments and conclusions contained in the relevant paragraphs but not as to the facts stated therein.
  Plaintiffs object to portions of the declaration of Del Valle. Doc. 49 ¶¶ 4-6 (objecting to portions of Doc. 47 at App. 6-9). The court sustains the objections as to paragraphs 27, 28, and 29 of such declaration, sustains the objections as to the mentions of plaintiffs' purportedly deceitful intentions in paragraphs 24 and 24, and overrules the remaining objections.

I.

The Undisputed Facts

The summary judgment evidence establishes, without genuine dispute, that:

Plaintiffs bring a single claim of breach of contract against defendants. Doc. 20 at 9-10. Individual defendant Del Valle is a commercial real estate developer who uses corporate entities like defendants PRP Menifee and PRP V to acquire and develop commercial land. Doc. 38 at App. 288-90. In 2016, Smart & Final Stores, LLC ("Smart & Final"), a grocery store chain, directed Del Valle to a commercial site in Menifee, California and expressed interest in Del Valle developing a shopping center on the site, for which Smart & Final would be the anchor tenant ("the project"). Id. at App. 293-95. Due to various delays, defendants and Smart & Final renegotiated the lease agreement multiple times to move the outside delivery date back, finally resulting in an outside delivery date of December 3, 2018. Id. at App. 261-62, 344-45.

Plaintiffs are lenders who, by a series of contracts,[3] agreed to loan funds to defendants to be used in the project.

---

[3] Single Box and PRP V entered into the Master Loan Agreement, Doc. 38 at App. 10-56, and Del Valle and PRP V entered guarantee agreements in favor of Single Box in relation to PRP V's obligations under such Master Loan Agreement, id. at App. 58-85. PRP Menifee and Single Box Cali, L.P. (West Loop's predecessor-in-interest) entered into the Menifee Construction Loan Agreement, id. at App. 87-154, and executed a related deed of trust, id. at App. 156-228, and promissory note, id. at App. 230-241. Del Valle entered a guarantee agreement in favor of

2

Doc. 20 ¶¶ 9-11; Doc. 25 ¶¶ 9-11.  Under the contracts,
defendants PRP V and PRP Menifee agreed, inter alia, to complete
the project by the outside delivery date.  Doc. 38 at App. 125
(Construction Loan Agreement between defendant PRP Menifee and
plaintiff West Loop's predecessor-in-interest); id. at App. 39
(Master Loan Agreement between defendant PRP V and plaintiff
Single Box, incorporating by reference the Construction Loan
Agreement's default terms).  Failure to complete construction by
the outside delivery date would constitute a default.  Id.
Defendants did not complete construction by the December 3, 2018
outside delivery date, and on December 14, 2018, plaintiffs sent
defendants a notice of default.  Id. at App. 258, 261-62, 343,
345, 347-49.

The contracts also required defendants PRP Menifee and PRP
V to pay outstanding balances of the loan upon maturity.  Id. at
App. 39, 230.  The promissory note matured on February 1, 2019.
Id. at App. 231.  Del Valle guaranteed to pay any outstanding
balance owed by PRP V, id. at App. 60, and PRP Menifee, id. at
App. 245.  Failure to timely pay the outstanding balance
constitutes grounds for default.  Id. at App. 39, 130, 191.  On
January 15, 2019, plaintiffs sent to defendants a notice that
the payment of the December accrued interest was past due and

---

Single Box Cali, L.P., in relation to PRP Menifee's obligations under the Menifee Construction
Loan Agreement. Id. at App. 243-256.

3

demanded payment.  Id. at App. 264.  On February 4, 2019,

plaintiffs sent to defendants a notice that the loan matured on

February 1, 2019 but that plaintiffs had not received payment in

full of all amounts due.  Id. at App. 268 (notice); see also id.

at App. 231 (Promissory Note maturity date).  Defendants did not

pay the outstanding balances, id. at App. 308, 320, 326, 353, to

plaintiffs' damage in the full amount of the balance.

On the occurrence of a potential default, plaintiffs'

duties to make further advances to defendants automatically

terminate.[4]  Id. at App. 43, 131.  In the event of a default, the

agreements allow plaintiffs to take exclusive control of the

property, perform defendants' duties, and authorize a

foreclosure sale.  Id. at App. 131, 195-96.  Plaintiffs stopped

providing funding to defendants and assumed control of

negotiations with Smart & Final in December of 2018.  Doc. 38 at

App. 7; Doc. 47 at App. 7-8; Doc. 50 at App. 389, 400-02.

Construction was not completed, and Smart & Final backed out as

the anchor tenant.  Doc. 47 at App. 8-9.  A foreclosure sale on

October 18, 2019 did not fully compensate plaintiffs for the

total unpaid debt and costs.  Doc. 38 at App. 7, 277.

---

[4] A "Potential Default" means "the occurrence of any event or circumstance which could, with the giving of notice or the passage of time, or both, constitute an Event of Default." Doc. 38 at App. 102.

4

II.

## Grounds of the Motion

Plaintiffs allege that there is no genuine dispute of fact

as to the elements of the breach of contract claim - their sole

cause of action - and that they are entitled to judgment as a

matter of law.   Doc. 37 ¶ 19.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides

that the court shall grant summary judgment on a claim or

defense if there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law.   Fed.

R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

247 (1986).   The movant bears the initial burden of pointing out

to the court that there is no genuine dispute as to any material

fact.   Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

Once the movant has carried its burden under Rule 56(a),

the nonmoving party must identify evidence in the record that

creates a genuine dispute as to the claim or claims in question.

Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting

that a fact . . . is genuinely disputed must support the

assertion by . . . citing to particular parts of materials in

the record . . . .").   If the evidence identified could not lead

a rational trier of fact to find in favor of the nonmoving

party, there is no genuine dispute for trial and summary

judgment is appropriate.   Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587, 597 (1986).   In Mississippi

Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit

explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could
> not, as a whole, lead a rational trier of fact to find
> for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

IV.

Analysis

Plaintiffs allege that there is no genuine dispute as to

the elements of their breach of contract claim and that they are

entitled to judgment as a matter of law.   Doc. 37 ¶ 19.   The

court agrees.

The elements of a breach of contract claim are (I) the

existence of a valid contract between the parties, (II)

performance or tendered performance by the plaintiff, (III)

breach of the contract by the defendant, and (IV) damages

sustained by the plaintiff as a result of the breach.   Smith

Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir.

2007).   No genuine dispute exists concerning these elements.

The contracts are valid. Doc. 25 ¶ 30.   Plaintiffs performed by

funding advance requests submitted by defendants.   Doc. 50 at

App. 389, 391-98.   Under the contracts, defendants had duties to

6

complete the project by the outside delivery date and to pay the outstanding balance of the loan upon maturity, Doc. 38 at App. 39, 125, 230, and defendants did not complete the project by such date or pay such balance, id. at App. 258, 261-62, 264, 268, 343, 345, 347-49.  Plaintiffs have suffered damages because of defendant's failure to pay the outstanding balance and compete the project.  Id. at App. 7, 277.

Defendants assert that a genuine dispute of fact exists as to whether plaintiffs committed a prior material breach, which would relieve defendants of any contractual duties.  Doc. 46 ¶¶ 37-48, 50; Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc., 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.").  Specifically, defendants claim that a genuine dispute of fact exists as to whether plaintiffs (I) interfered with defendants' negotiations with Smart & Final, Doc. 46 ¶¶ 37-46, and (II) failed to provide funding for the project in September or October 2018, id. ¶¶ 47-48.  The court disagrees.  There is no genuine dispute of fact in the summary judgment record regarding plaintiffs' compliance with the contracts.

First, plaintiffs did not breach the contracts by directly negotiating with Smart & Final.  Defendants correctly assert

7

that plaintiffs had a duty not to wrongfully interfere with

defendants' ability to render performance under the contract.

De Avila v. Espinoza Metal Bldg. & Roofing Contractors, 564

S.W.3d 150, 154-55 (Tex. App.—El Paso 2018); Tacon Mech.

Contractors, Inc. v. Grant Sheet Metal, Inc., 889 S.W.2d 666,

670 (Tex. App.—Houston 1994).  Defendants also correctly claim

that they attempted to timely complete the project by

negotiating with Smart & Final for a later outside delivery

date, Doc. 47 at App. 6-7, 156-59, and plaintiffs assumed

control of the negotiations and told defendants not to

communicate with Smart & Final, Doc. 38 at App. 7; Doc. 47 at

App. 7-8.

However, plaintiffs did not intervene in the negotiations

until they were permitted to by the contracts.  Although in

November 2018, defendants and Smart & Final began negotiating a

fourth lease amendment which would have extended the outside

delivery date, as of December 3, 2018, no such amendment had

been executed.  Doc. 47 at App. 6-7 (negotiations were ongoing),

153-55 (unsigned draft of proposed amendment), 160 (negotiations

had not concluded by December 4, 2018).  In fact, defendants

were still negotiating the proposed amendment with Smart & Final

on December 17, 2018, fourteen days after the outside delivery

date.  Id. at App. 7-8 (As of December 17, 2018, "[t]he only

thing required for successful completion of the project was for

Smart & Final to execute the lease agreement that [Del Valle] had been negotiating with Smart & Final.").

Without an executed amendment, the outside delivery date remained December 3, 2018.  Because defendants failed to complete the project by such date, they defaulted on the contracts, and plaintiffs were entitled to perform defendants' duties, including negotiating with Smart & Final.  Doc. 38 at App. 131, 195-96.  It was not until December 17, 2018, fourteen days after the date of default, that plaintiffs took control of negotiations and told defendants to cease communication with Smart & Final.  Doc. 38 at App. 7; Doc. 47 at App. 7-8. Therefore, plaintiffs' negotiations with Smart & Final did not constitute a prior material breach that relieved defendants of their contractual duties.

Second, plaintiffs did not commit a prior material breach by ceasing funding of the loan.  Defendants contend that a triable issue of fact exists on this point because Del Valle stated in a declaration and a deposition that plaintiffs ceased funding the project in September or October 2018.  Doc. 46 ¶ 47 (citing Doc. 47 at App. 9, 203).  However, a party's self-serving and unsupported statement will not on its own defeat summary judgment where direct evidence in the record is to the contrary.  United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); In re Mun. Bond Antitrust Litig., 672 F.2d 436, 440

(5th Cir. 1982); <u>Chambers v. Sears Roebuck & Co.</u>, 428 Fed. App'x 400, 407-08 (5th Cir. 2011).

The advance draw requests and accounting information in the record show that plaintiffs complied with the contracts by providing funds in response to defendants' requests in the fall of 2018. On September 25, 2018, plaintiffs funded defendants' August 31, 2018 draw request, and on November 19, 2018, plaintiffs funded defendants' October 12, 2018 draw request.[5] Doc. 50 at App. 386-87, 389, 392-398.

Defendants submitted another draw request on November 27, 2018, which plaintiffs never funded. <u>Id.</u> at App. 389, 400-02. However, plaintiffs were not obligated to provide such funds. Plaintiffs' commitment to make further advances to defendants automatically terminated upon the occurrence of any potential default. Doc. 38 at App. 131. A "Potential Default" means "the occurrence of any event or circumstance which could, with the giving of notice or the passage of time, or both, constitute an Event of Default." <u>Id.</u> at App. 102. Plaintiffs' obligation to make further advances on the loan terminated, at the latest, moments before defendants defaulted on December 3, 2018. Thus,

---

[5] Although this evidence was included in the supplemental appendix filed with plaintiffs' reply instead of the appendix to their motion, the court may consider it because defendants had the opportunity to respond. See Vais Arms, Inc. v. Vais, 383 F.3d 287, 292 (5th Cir. 2004) ("Rule 56(c) merely requires the court to give the non-movant an adequate opportunity to respond prior to a ruling.").

plaintiffs' obligation to fund the project automatically
terminated, at most, four business days after delivery of the
final funding request.  However, plaintiffs were not obligated
to disburse funds in response to a request until at least ten
business days after the delivery date of the request.  Doc. 38
at App. 108.   Plaintiffs were no longer obligated to fund the
request upon the request's disbursement date.  Id. at App. 131.

There is no genuine dispute of fact as to whether (I) the
contracts are valid, (II) plaintiffs performed on the contracts,
(III) defendants did not fulfill their duties and were not
relieved from such duties, and (IV) plaintiffs sustained
damages.  Therefore, there is no dispute as to any material
fact, and plaintiffs are entitled to judgment as a matter of
law.

V.

Order

Therefore,

The court ORDERS that plaintiffs' motion for summary
judgment be, and is hereby, granted.

The court further ORDERS that by 4:00 p.m. on July 6, 2020,
plaintiffs file a document to which they shall attach a proposed
final judgment and in which they shall explain their calculation
of all items included in the dollar amount of the recovery
suggested in their proposed final judgment, including breach of

contract damages, attorneys' fees, and pre-judgment interest, and that by 4:00 p.m. on July 13, 2020, defendants may file a response to such document.

The court further ORDERS that the pretrial conference set for July 6, 2020 be, and is hereby, cancelled.

SIGNED June 29, 2020.

JOHN McBRYDE
United States District Judge

12